UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL RUTHERFORD and KEISHA O'NEAL, §§§§<br><br>Plaintiffs, §<br>§ Civil Action No. 4:24-CV-561-ALM<br>v. § Judge Amos L. Mazzant<br>§<br>PRUVIT VENTURES, INC. and BRIAN §<br>UNDERWOOD, §<br>§<br>Defendants. | |

## UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF KEISHA O'NEAL

TO THE HONORABLE JUDGE: Pursuant to L.R. CV-11 (c) of the Eastern Dist. of Texas, Chris Wellman, Esq., and Scott Wellman of Wellman & Warren, LLP (hereafter and collectively, "Wellman") respectfully request that they and Wellman & Warren, LLP be permitted to formally withdraw as counsel for Plaintiff Keisha O'Neal ("Plaintiff") for the reasons set forth below.

1. Attorneys, Wellman, wish to withdrawal as counsel for the Plaintiff.

2. Attorneys, Wellman, of Wellman & Warren, LLP, are admitted to this court pro hac vice, and have appeared as counsel for the Plaintiff.

3. Plaintiff has failed to comply with her monetary obligations to movants.

4. This motion is not being filed to hinder or delay this matter or prejudice any party.

5. The Plaintiff consents to this withdrawal of both Chirs Wellman and Scott Wellman, pursuant to L.R. CV-11 (c) and has spoken with counsel Chris Wellman over the phone and by email on this matter of the withdrawal. Therefore, Plaintiff received

notice from counsel, Wellman, of the withdrawal and stated her consent.

## STATEMENT OF FACTS

On March 14, 2024, Plaintiff entered into a Fee Agreement with Wellman & Warren, LLP. As such, Plaintiff was obligated to pay a retainer of "$5,000" in accordance with the Agreement. Additionally, Plaintiff was obligated to maintain the "$5,000" retainer throughout this matter.

In order to make these payments under the Agreement, the Plaintiff was obligated to pay invoices through cash, wire, or check IMMEDIATELY upon receipt of these invoices. Wellman & Warren, LLP, sends out these invoices each month.

As of August 7, 2024, the Plaintiff has not complied with her monetary obligations with Wellman & Warren LLP by failing to pay all outstanding invoices and maintain the retainer amount.

Chris Wellman has addressed the payment issue with the Plaintiff and her status on payment. The Plaintiff was also informed by Wellman of their intent to withdraw their representation and the reasons for their withdrawal. The Plaintiff consented to counsels' withdrawal. The Plaintiff has been made aware of all current upcoming deadlines in this matter.

## ARGUMENT

Pursuant to Local Rule CV-11(c), "[a]ttorneys may withdraw from a case only by motion and order under conditions imposed by the court." An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. See *Streetman v. Lynaugh*, 674 F.Supp. 229 (E.D.Tex.1987). Under the Texas Disciplinary Rules of Professional Conduct, good cause may exist if, among other factors, withdrawal will not adversely affect the client, the client fails to pay the lawyer's fee, or

continued representation will result in financial hardship to the lawyer. See Tex. Disciplinary Rule Prof'l Conduct R. 1.15(b).

Here, the Plaintiff failed to fulfill her financial obligations. Moreover, a Fee Agreement's focus is on the payment obligations that a client undertakes when obtaining counsel. As such, failure to pay according to the Agreement is a "substantial" failure, as payment is the Plaintiff's sole obligation under the Agreement. Accordingly, this failure to fulfill an essential obligation is sufficient grounds to withdraw as counsel. Further, the Plaintiff is aware of all upcoming deadlines in the matter. Lastly, there are no immediate deadlines that would prejudice the client or would likely delay or disrupt the proceedings.

Additionally, movant will serve upon Plaintiff a copy of this motion at the current address of Plaintiff. Also, Movant has been in contact with Plaintiff via telephone and email. Movant will email Plaintiff a copy of this motion as well.

## MEET AND CONFER EFFORTS WITH OPPOSING COUNSEL

As set forth in the declaration of Chris Wellman, Movant has met and conferred with opposing counsel regarding withdrawing from this case. When Movant inquired whether opposing counsel opposes the motion, opposing counsel informed Movant that it had no objection to the request for withdrawal.

## CONCLUSION

For the aforementioned reasons, counsel respectfully requests that this Court enter an Order granting the withdrawal of Scott Wellman, Esq. Chris Wellman, Esq. and Wellman & Warren, LLP as counsel of record for the Plaintiff Keisha O'Neal.

Dated: October 31, 2024                     Respectfully submitted,

                                            /s/Chris Wellman
                                            Chris Wellman (pro hac vice)

CA Sate Bate No. 304700
Scott Wellman (pro hac vice)
CA State Bar No. 82897
cwellman@w-wlaw.com
swellman@w-wlaw.com
WELLMAN & WARREN, LLP
24411 Ridge Route Drive, Suite 200
Laguna Hills, California 92653
Tel: (949) 580-3737
Fax: (949) 580-3738

Phillip J. Conley
State Bar No. 04666200
E-mail: pjc@crm-lawfirm.com
Jay M. Rosenberg
State Bar No. 17269450
E-mail: jmr@crm-lawfirm.com
CONLEY ROSENBERG & MENDEZ P.C.
14160 Dallas Parkway, Suite 800
Dallas, Texas 75254
(972) 364-9700
(972) 713-6480 (facsimile)

Attorneys for Plaintiff
KEISHA O'NEAL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of October, 2024, a true and correct copy of the forgoing document was filed with the Clerk of the Court using the CM/ECF system which automatically sent notification of such filing to and served electronically upon the following counsel who have entered an appearance in this action:

>Byron K. Henry
>Kelly E. Kleist
>SCHEEF & STONE, LLP
>2600 Network Blvd., Suite 400
>Frisco, Texas 75034
>Email: byron.henry@solidcounsel.com
>          Kelly.kleist@solidcounsel.com
>
>Attorneys for Defendants
>PRUVIT VENTURES, INC. and
>BRIAN UNDERWOOD

A true and correct copy of the forgoing document was also served by my office by email [by attaching said documents to an e-mail account at Wellman & Warren, LLP] and by mail service [deposited with the U.S. Postal Service on October 31, 2024 with postage thereon fully prepaid at Laguna Hills, California in the ordinary court of business] to:

>Keisha O'Neal
>2225 Versailles Court
>Henderson, NV 89074
>Email: Keish136@gmail.com

>                                    By: /s/Chris Wellman
>                                         Chris Wellman

**CERTIFICATION**

Pursuant to Local Rule CV-7(h)(i), Counsel Wellman has conferred in good faith with counsel for Defendants, Kelly Kleist and Byron Henry on the underlying issues of bringing forth this requested relief with an email to counsel Kleist and Henry on said issue. As such, counsel stated that there was no objection to the relief sought herein. Therefore, there is no opposition to this motion.