# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MICHAEL RUTHERFORD, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | Civil Action No. 4:24-CV-561 |
| v. § | Judge Mazzant |
| § | |
| PRUVIT VENTURES, INC., et al., § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Dkt. #30). Having considered the relevant arguments, pleadings, and caselaw, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

On December 20, 2024, Defendant filed its Motion for Partial Summary Judgment (Dkt. #30) alleging that "Plaintiff's claims for breach of contract for failing to send pre-suit notice fail because [Defendant] sent notice and because the failure to send notice is a matter of avoidance, not an independent claim for breach" (Dkt. #30 at p. 8). On February 4, 2025, Plaintiff filed its response (Dkt. #49).[1]

---

[1] Plaintiff, though formerly represented by counsel, proceeded *pro se* at the time it filed its response (Dkt. #49). Thus, the Court construes this filing liberally. *See Eller v. Cole*, No. 23-50018, 2023 WL 7268221, at *1 (5th Cir. 2023). But Plaintiff "must still comply with the law and procedural rules." *Washington v. East Baton Rouge Par. Sch. Sys.*, No. 11-30591, 471 F.App'x 306, 306 (5th Cir. 2012).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating

there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After careful review of the record and the arguments, the Court finds that Defendant has not met its burden to demonstrate that no material issue of fact exists. Therefore, Defendant is not entitled to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. #30) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 5th day of February, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE