# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MICHAEL RUTHERFORD, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:24-cv-561 |
| | § | Judge Mazzant |
| PRUVIT VENTURES, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorneys' Fees (the "Motion") (Dkt. #78) and Joinder of Receiver ("Motion for Joinder") (Dkt. #80). Having considered the Motions and the relevant pleadings, the Court finds that the Motion should be **DENIED without prejudice**, and the Motion for Joinder should be **GRANTED**.

## BACKGROUND

This lawsuit arises from a contractual dispute. The matter proceeded to a bench trial from February 10–12, 2025, after which the Court found in favor of Plaintiff Michael Rutherford ("Plaintiff") and against Defendant Pruvit Ventures, Inc. ("Pruvit") on Plaintiff's breach of contract claim (*See* Dkt. #58; Dkt. #59; Dkt. #60; Dkt. #76 at p. 31). The pertinent facts before the Court today exclusively relate to fees and costs.

On September 30, 2025, Plaintiff filed his Motion, seeking $27,870.84 in attorneys' fees pursuant to the Court's Findings of Fact and Conclusions of Law entered September 16, 2025

(Dkt. #76) and Federal Rule of Civil Procedure 54(d)(2) (Dkt. #78 at p. 2).[1] On October 2, 2025, Pruvit responded, arguing that Plaintiff's request for attorneys' fees was premature because the Court had not entered a final judgment in this action (Dkt. #79 at p. 1). In that response, Defendant also argues Plaintiff does not have standing to request such fees because a receiver was appointed in this matter (Dkt. #79 at p. 1). Finally, Defendant notes that it "reserves the right to object to any submission regarding attorneys' fees submitted by either Rutherford or the Receiver at the appropriate time" (Dkt. #79 at p. 1).

The same day Defendant filed its response, Peter Ruggero, the receiver in this action, filed its Motion for Joinder, advising the Court that (1) he joins Plaintiff's request for attorneys' fees, and (2) Plaintiff is authorized to proceed with his request for attorneys' fees for the benefit of the receivership estate (Dkt. #80). Finally, the receiver addressed Defendant's argument that Plaintiff's Motion was premature, noting that the Court's September 16, 2025 Findings of Fact and Conclusions of Law instructed Plaintiff to file the instant Motion (Dkt. #80; Dkt. #76 at p. 33).

Both motions are now ripe for adjudication.

## LEGAL STANDARD

Chapter 38 of the Texas Civil Practice & Remedies Code provides for attorneys' fee recovery for the prevailing party in a breach of contract action. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). Under § 38.001, an attorneys' fee award is mandatory, but the amount is discretionary. *Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004).

---

[1] Plaintiff, though formerly represented by counsel, filed this motion for attorneys' fees pro se (Dkt. #78 at p. 2). Thus, the Court construes his filing liberally. *See Coleman v. U.S.*, 912 F.3d 824, 828 (5th Cir. 2019). However, "pro se litigants must still comply with the law and procedural rules." *Washington v. E. Baton Rouge Par. Sch. Sys.*, No. 11-30591, 471 F. App'x 306, 306 (5th Cir. 2012) (per curiam) (unpublished).

One method of calculating reasonable attorneys' fees under § 38.001 is the "lodestar" method. *See, e.g., McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). Under Texas law, the "party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). To calculate reasonable attorney's fees under the lodestar method, courts must first establish a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

Texas courts determine reasonableness by applying the *Arthur Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered." *Id.* "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the

common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).

Once the court determines the lodestar, it may accept the lodestar or adjust it up or down. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "The lodestar method aims to provide a relatively objective measure of attorney's fees," and, to ensure this, trial courts "should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees." *El Apple I*, 370 S.W.3d at 762.

## ANALYSIS

The Court will first determine whether Plaintiff has standing to request attorneys' fees. Defendant argues "[Plaintiff] is no longer a party to this case, as the Receiver has stepped into Mr. Rutherford's shoes for the remainder of this matter" (Dkt. # 79 at p. 1). In Defendant's view, "[Plaintiff] does not have standing to request such fees, as that is the Receiver's duty now" (Dkt. #79 at p. 1). However, the Receiver advised the Court that Plaintiff is authorized to proceed with his claims for attorneys' fees for the benefit of the receivership estate (Dkt. #80 at p. 1). Accordingly, the Court finds Plaintiff has standing to request attorneys' fees.

The Court must next determine whether Plaintiff's motion for attorneys' fees was premature. Defendant argues that because there is no final judgment in this case, "the timeline to file a Request for Attorneys' Fees has not started" (Dkt. #79 at p. 1). The Court disagrees. Under Federal Rule of Civil Procedure 54(d), a request for attorneys' fees and related nontaxable expenses must be made by motion and filed no later than 14 days after the entry of judgment, "unless a statute or court order provides otherwise." FED. R. CIV. P. 54(d)(2)(B). In the Court's September 16, 2025 Findings of Fact and Conclusions of Law, the Court commanded the following:

> Plaintiff is further entitled reasonable attorneys' fees and post-judgment interest. *Plaintiff shall file a motion for attorneys' fees within fourteen days of the entry of this judgment*, accompanied by competent evidence establishing the amount of fees sought and a detailed record supporting the reasonableness of the requested fees. Upon review of Plaintiff's submissions, the Court will determine the amount of fees to be awarded.

(Dkt. #76 at p. 33 (emphasis added)).

Plaintiff timely filed his Motion on September 30, 2025, in accordance with the Court's order (Dkt. #78). Accordingly, the Court finds that under Rule 54(d)(2), Plaintiff's Motion was not premature.

The Court must finally determine whether to award Plaintiff his attorneys' fees. Plaintiff argues that he is entitled to an award of $27,870.84 for reasonable and necessary attorneys' fees incurred when he was represented by counsel (*See* Dkt. #78). The Court agrees that under Texas law, Plaintiff is entitled to recover attorneys' fees for prevailing on his breach of contract claim against Pruvit (Dkt. #76 at p. 31). *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). Thus, the only remaining issue is determining whether $27,870.84 is an appropriate amount of attorneys' fees.

"Under Texas law, expert testimony regarding the reasonableness of attorneys' fees must be given by an attorney; lay witnesses are not competent to give testimony about attorneys' fees." *Id.* at *7. "Most Texas courts address the competency question in the context of counsel submitting an affidavit for his or her own client." *Id.* (first citing *Gifford v. Old Republic Ins. Co.*, 613 S.W.2d 43, 46 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ); and then citing *Coward v. Gateway Nat'l Bank*, 525 S.W.2d 857, 858 (Tex. 1975)).

Here, Plaintiff provides the Court with his own declaration, along with copies of the invoices and bill statements from his former counsel for the legal services they rendered when they

represented him before trial (Dkt. #78-1; Dkt. #78-2; Dkt. #78-3; Dkt. #78-4).[2] In his declaration, Plaintiff states the following: "In my opinion, the hours billed and rates charged were reasonable and necessary for the work performed, and the services contributed directly to the judgment obtained in my favor" (Dkt. #78-1 at p. 1). Plaintiff's opinion is that of a lay witness and not that of an expert allowed to testify as to the reasonableness and necessity of the attorneys' fees billed. Thus, Plaintiff has not met his "burden of proving that the number of hours and the hourly rate for which compensation is requested are reasonable." *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2015 WL 12696493, at *3 (N.D. Tex. Jan. 22, 2015) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996)).

Accordingly, the Court finds that because Plaintiff's declaration does not meet the threshold requirement for admissible expert testimony on attorneys' fees, Plaintiff's Motion should be denied without prejudice.[3]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Attorneys' Fees (Dkt. #78) is hereby **DENIED without prejudice**.

It is further **ORDERED** that Joinder of Receiver (Dkt. #80) is hereby **GRANTED**.

**IT IS SO ORDERED.**

[2] Plaintiff retained three separate law firms to represent him at different points during this litigation—Simon Paschal PLLC, Wellman & Warren LLP, and Conley Rosenberg & Mendez P.C. (Dkt. #78-1). Plaintiff attaches multiple invoices to his Motion that were issued by three different law firms (Dkt. #78-2; Dkt. #78-3; Dkt. #78-4).

[3] Moreover, Plaintiff did not provide the Court with the necessary information to calculate the lodestar. Specifically, Plaintiff failed to provide the Court with the following information for the attorneys at each of the law firms that represented him: (1) attorney; (2) hours billed; (3) rate billed; and (4) the total amount of attorney fees billed. Instead, Plaintiff's Motion provides the Court with multiple pages of billing statements (Dkt. #78-1; Dkt. #78-3; Dkt. #78-4). Accordingly, even if Plaintiff had provided the Court with admissible expert testimony on attorneys' fees, the Court would not have been able to determine whether $27,870.84 was the precise amount of attorneys' fees it should award.

**SIGNED this 19th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE